1  ANGELA SPIVEY (*pro hac vice* forthcoming)
   ANDREW PHILLIPS (*pro hac vice* forthcoming)
2  ALAN PRYOR (*pro hac vice* forthcoming)
   **ALSTON & BIRD LLP**
3  One Atlantic Center
   1201 West Peachtree Street, Suite 4900
4  Atlanta, GA 30309-3424
   Telephone: (404) 881-7000
5  Facsimile:  (404) 881-7777
   E-mail:      angela.spivey@alston.com
6               andrew.phillips@alston.com
                alan.pryor@alston.com
7
   RACHEL E. K. LOWE (SBN 246361)
8  **ALSTON & BIRD LLP**
   333 South Hope Street, 16th Floor
9  Los Angeles, CA 90071-1410
   Telephone: (213) 576-1000
10 Facsimile:  (213) 576-1100
   E-mail:      rachel.lowe@alston.com
11
12 Attorneys for Defendant
   **CONAGRA BRANDS, INC.**
13
14                **UNITED STATES DISTRICT COURT**
15              **NORTHERN DISTRICT OF CALIFORNIA**
16                  **SAN FRANCISCO DIVISION**
17

| | |
|---|---|
| 18  ISRAEL PELAYO, individually and on behalf of all others similarly situated, | Case No.: 3:23-cv-05833-AGT |
| 19 | Assigned to the Hon. Alex G. Tse |
| 20            Plaintiff, | **DEFENDANT CONAGRA BRANDS, INC.'S MOTION TO DISMISS CLASS ACTION** |
| 21      v. | **COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 22  CONAGRA BRANDS, INC., | |
| 23            Defendant. | *[Filed concurrently with Request for Judicial Notice; Declaration of Andrew G. Phillips and Proposed Order]* |
| 24 | |
| 25 | Date:       February 2, 2024<br>Time:       10:00 a.m. |
| 26 | Courtroom:  A, 15th Floor |
| 27 | Complaint Filed:  August 31, 2023 |
| 28 | |

**NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 2, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Alex G. Tse, United States Magistrate Judge for the Northern District of California, San Francisco Division, located at the San Francisco Courthouse, Courtroom A – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Conagra Brands, Inc. ("Conagra" or "Defendant") will move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff Israel Pelayo's Class Action Complaint (Dkt. 1-1) ("Complaint").

Plaintiff alleges that five varieties of meat-containing pasta products manufactured and sold under Conagra's Chef Boyardee brand are deceptively labeled as containing "No Preservatives" because they contain citric acid. But the labels and specific labeling claims that Plaintiff challenges were pre-approved by the United States Department of Agriculture. Plaintiff's entire lawsuit—asserting only two causes of action under California law—is expressly preempted by federal law because the directly applicable federal statute (the Federal Meat Inspection Act, 21 U.S.C. § 601, *et seq.*) expressly preemptions any state law imposing labeling requirements "in addition to, or different than" the requirements imposed under federal law. 21 U.S.C. § 678. Preemption of *all* of Plaintiff's causes of action is case dispositive. Accordingly, Plaintiff's entire Complaint should be dismissed with prejudice.

Conagra bases its motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the Declaration of Andrew G. Phillips, and the exhibits attached thereto, and upon such other and further briefing, argument, and evidence as may be presented prior to or at the time of the hearing of this Motion.

DATED: November 20, 2023

RACHEL E. K. LOWE
**ALSTON & BIRD LLP**

/s/ *Rachel E. K. Lowe*
Rachel E. K. Lowe
Attorney for Defendant
**CONAGRA BRANDS, INC.**

1

## <u>TABLE OF CONTENTS</u>

2    STATEMENT OF ISSUES TO BE DECIDED ..................................................................1

3    MEMORANDUM OF POINTS AND AUTHORITIES .................................................1

4    I.       INTRODUCTION .................................................................................................1

5    II.      FACTUAL BACKGROUND.................................................................................2

6          A.      Plaintiff's Claims ................................................................................2

7          B.      The USDA Has Reviewed—and Approved—the "No Preservatives" Claims .............2

8                    1.      The USDA's Official Inspection Legend Appears on the Product Labels ........3

9                    2.      The FSIS Approvals for the Chef Boyardee Products .......................................4

10    III.     LEGAL STANDARD............................................................................................6

11    IV.     ARGUMENT .........................................................................................................6

12          A.      Federal Law Governs the Labeling of Conagra's Chef Boyardee Products.................6

13          B.      The FSIS Approved the Labeling for Each of the Chef Boyardee Products,

14                Including the "No Preservatives" Claim..............................................................7

15          C.      The FMIA Expressly Preempts Plaintiff's State-Law Claims Attacking

               USDA-Approved Labels........................................................................................9

16          D.      The Court Should Dismiss Plaintiff's Complaint with Prejudice...............................11

17    V.      CONCLUSION.....................................................................................................12

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Adewol v. Frickenschmidt Foods LLC*,
5
    No. 4:22 CV 254 CDP, 2023 WL 2645557 (E.D. Mo. Mar. 27, 2023).....................................8

6

*Barnes v. Campbell Soup Co.*,
    No. C 12-05185 JSW, 2013 WL 5530017 (N.D. Cal. July 25, 2013) ............................ passim
7

8

*Boquist v. Courtney*,
    32 F.4th 764 (9th Cir. 2022) ...........................................................................................6

9

*Brower v. Campbell Soup Co.*,
10
    243 F. Supp. 3d 1124 (S.D. Cal. 2017)........................................................................ passim

11

*Cohen v. ConAgra Brands, Inc.*,
    16 F.4th 1283 (9th Cir. 2021) .................................................................................5, 7, 10
12

13

*Connie Chong v. Hormel Foods Corp.*,
    No. LA CV19-10944 JAK (PLAx), 2021 WL 11732982 (C.D. Cal. Apr. 13, 2021)..............10

14

*Del Real, LLC v. Harris*,
15
    636 F. App'x 956 (9th Cir. 2016) ....................................................................................1

16

*Direct Action Everywhere v. Diestel Turk. Ranch*,
    No. RG17847475, 2018 WL 11247144 (Cal. Super. Ct. Apr. 11, 2018) ...........................8
17

18

*Eidmann v. Walgreen Co.*,
    522 F. Supp. 3d 634 (N.D. Cal. 2021)..............................................................................6

19

*English v. Gen. Elec. Co.*,
20
    496 U.S. 72 (1990)..........................................................................................................9

21

*Enos v. U.S. Bank, N.A.*,
    831 F. App'x 289 (9th Cir. 2020) ....................................................................................6
22

23

*Indus. Truck Ass'n v. Henry*,
    125 F.3d 1305 (9th Cir. 1997) .........................................................................................9

24

*Kuenzig v. Kraft Foods, Inc.*,
25
    No. 8:11-cv-838-T-24 TGW, 2011 WL 4031141 (M.D. Fla. Sep. 12, 2011) ..........................8

26

*Leining v. Foster Poultry Farms, Inc.*,
    61 Cal. App. 5th 203 (2021) ......................................................................................8, 11
27

28

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*,
    627 F. Supp. 2d 1187 (E.D. Cal. 2009)..............................................................................12

*Maryland v. Louisiana*,
    451 U.S. 725 (1981) ...................................................................................................9

*Meaunrit v. Pinnacle Foods, LLC*,
    No. C 09-04555 CW, 2010 WL 1838715 (N.D. Cal. May 5, 2010) ..............................10, 11

*Meaunrit v. ConAgra Foods, Inc.*,
    No. C 09-02220 CRB, 2010 WL 2867393 (N.D. Cal. July 20, 2010) .......................2, 6, 9, 10

*Milne ex rel. Coyne v. Stephen Slesinger, Inc.*,
    430 F.3d 1036 (9th Cir. 2005) ......................................................................................6

*Nacarino v. Kashi Co.*,
    77 F.4th 1201 (9th Cir. 2023) ......................................................................................6

*Pardini v. Unilever U.S., Inc.*,
    65 F.4th 1081 (9th Cir. 2023) ......................................................................................6

*Phelps v. Hormel Foods Corp.*,
    244 F. Supp. 3d 1312 (S.D. Fla. 2017) .....................................................................8, 11

*Thornton v. Tyson Foods, Inc.*,
    482 F. Supp. 3d 1147 (D.N.M. 2020) ..........................................................................8

*Webb v. Trader Joe's*,
    999 F.3d 1196 (9th Cir. 2021) .............................................................................. passim

*Webb v. Trader Joe's Co.*,
    418 F. Supp. 3d 524 (S.D. Cal. 2019) ......................................................................6, 12

**FEDERAL RULES**

Fed. R. Civ. P. 12 ...............................................................................................................6

Fed. R. Civ. P. 15 .............................................................................................................12

**FEDERAL STATUTES**

21 U.S.C. § 392 ................................................................................................................11

21 U.S.C. § 601 ...........................................................................................................1, 6, 7

21 U.S.C. § 602 ........................................................................................................2, 6, 7

21 U.S.C. § 607 ..................................................................................................................7

21 U.S.C. § 610 ..................................................................................................................7

21 U.S.C. § 678 ...........................................................................................................1, 10

1

**FEDERAL REGULATIONS**

9 C.F.R. § 317.2 .................................................................................................3, 7

9 C.F.R. § 317.8 .................................................................................................10

9 C.F.R. § 412.1 ........................................................................................2, 3, 4, 7

9 C.F.R. § 412.2 ..........................................................................................3, 5, 7

**OTHER AUTHORITY**

Prior Label Approval System: Generic Label Approval,
    78 Fed. Reg. 66826 (Nov. 7, 2013).................................................................5

FSIS, "FSIS Guidelines for Label Approval" (Jan. 2023), *available at*
    https://www.fsis.usda.gov/sites/default/files/media_file/documents/FSIS-GD-2023-
    0001.pdf.........................................................................................................5

FSIS, "Generic Labeling Overview" (Sept. 25, 2019),
    https://www.fsis.usda.gov/sites/default/files/media_file/2021-02/generic-labeling-
    webinar.pdf; ...................................................................................................5

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMO OF POINTS AND AUTHORITIES
Case No.: 3:23-cv-05833-AGT

1

## CIVIL L.R. 7-4(A)(3) STATEMENT OF ISSUES TO BE DECIDED

This motion raises the following issue:

      1.      **Express Preemption**. Can Plaintiff pursue litigation that seeks to impose labeling requirements that are "in addition to, or different than" the requirements imposed by the United States Department of Agriculture under the Federal Meat Inspection Act, 21 U.S.C. § 601, *et seq.*?

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

Defendant Conagra Brands Inc. submits this Memorandum of Points and Authorities in support

3

of its Motion to Dismiss Plaintiff Israel Pelayo's Class Action Complaint (Dkt. 1-1) ("Complaint").

4

## I.   INTRODUCTION

5

The Court should dismiss Plaintiff's Complaint with prejudice in its entirety because federal

6

law expressly preempts his claims. Plaintiff alleges that Conagra mislabeled certain of its Chef

7

Boyardee branded meat-containing pasta products because they display a "No Preservatives" claim.

8

But the United States Department of Agriculture ("USDA") explicitly pre-approved the "No

9

Preservatives" claim on these products under the Federal Meat Inspection Act, 21 U.S.C. § 601 *et seq.*

10

("FMIA"). In fact, the USDA's approval is displayed right on the label of each of the Chef Boyardee

11

branded products at issue: an official USDA inspection legend that declares the product labeling for

12

each of the products was "U.S. Inspected and Passed by Department of Agriculture." The FMIA

13

expressly preempts any state law imposing "[m]arking, labeling, packaging, or ingredient

14

requirements in addition to, or different than, those made under" the FMIA, precluding Plaintiff from

15

bringing the state-law claims presented here. 21 U.S.C. § 678.

16

The Ninth Circuit holds that pre-approval of USDA-regulated product labels preempts any

17

claims that "would necessarily" impose label requirements that are "different than those required"

18

under federal law. *Webb v. Trader Joe's*, 999 F.3d 1196, 1203-04 (9th Cir. 2021).[1] The USDA's

19

approval is fatal to Plaintiff's entire lawsuit. *See, e.g., Brower v. Campbell Soup Co.*, 243 F. Supp. 3d

20

1124, 1129 (S.D. Cal. 2017) (state-law claims preempted where the USDA reviewed the "labeling to

21

consider whether it is false and misleading and subsequently approved the labels"); *Barnes v.*

22

*Campbell Soup Co.*, No. C 12-05185 JSW, 2013 WL 5530017, at *5 (N.D. Cal. July 25, 2013)

23

24

───────────────

[1] Although *Webb* and a handful of other decisions cited in this brief consider preemption under the

25

Poultry Products Inspection Act ("PPIA"), courts conduct the same preemption analysis regardless of

26

whether the FMIA (the statute at issue here) or the PPIA applies. The "PPIA and FMIA include identical express preemption provisions," *Brower v. Campbell Soup Co.*, 243 F. Supp. 3d 1124, 1128

27

(S.D. Cal. 2017), and the Ninth Circuit has observed that the legislative history of the FMIA and PPIA "clearly show[ed] the intent of Congress to create a uniform national labeling standard." *Del Real,*

28

*LLC v. Harris*, 636 F. App'x 956, 957 (9th Cir. 2016).

("Because the USDA [] previously approved of Defendant's Natural Chicken Tortilla soup label, [] the Defendant's Natural Chicken Tortilla soup label cannot be construed, as a matter of law, as false or misleading."); *Meaunrit v. ConAgra Foods, Inc.*, No. C 09-02220 CRB, 2010 WL 2867393, at *7 (N.D. Cal. July 20, 2010) (state law claims preempted where "the USDA [] pre-approved ConAgra's labeling").

Plaintiff's two-count Complaint should be dismissed in its entirety and with prejudice.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Claims

Plaintiff challenges Conagra's labeling of five varieties of meat-containing food products manufactured, distributed, advertised, marketed, and sold under its Chef Boyardee brand: (1) Chef Boyardee Beef Ravioli in Pasta Sauce; (2) Chef Boyardee Mini Ravioli Beef Ravioli in Pasta Sauce; (3) Chef Boyardee Overstuffed Beef Ravioli in Pasta Sauce; (4) Chef Boyardee Beefaroni Pasta in Tomato and Meat Sauce; and (5) Chef Boyardee Lasagna Pasta in Tomato Sauce Seasoned with Hearty Meat (collectively, the "Chef Boyardee Products" or the "Products"). Compl. ¶ 3. Plaintiff alleges that Conagra falsely and misleadingly labeled these five Chef Boyardee Products by claiming they contain "No Preservatives" when the Products contain citric acid. *Id.* ¶¶ 5, 13. Plaintiff sues for violations of: (1) the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.* ("CLRA"); and (2) the Unfair Competition Law, California Business & Professions Code § 17200 *et seq.* ("UCL"). *Id.* ¶¶ 46-68.

### B.   The USDA Has Reviewed—and Approved—the "No Preservatives" Claims

The USDA's public health agency, the Food Safety Inspection Service ("FSIS"), explicitly pre-approved the labels for each of the Chef Boyardee Products, including the challenged "No Preservatives" claims. As a part of the FMIA's comprehensive federal scheme, the FSIS is charged with protecting the health and welfare of consumers "by assuring that meat and meat food products distributed to them are wholesome, not adulterated, and ***properly marked, labeled, and packaged***." 21 U.S.C. § 602 (emphasis added). Accordingly, the FSIS must inspect and approve all product labels falling under the scope of the FMIA before those goods may be sold to consumers. *See* 9 C.F.R. § 412.1(a). Once a label receives FSIS approval, the USDA's official inspection legend must be

displayed on consumer packaging. *See* 9 C.F.R. §§ 317.2(c), 412.1-412.2.

        1.     <u>The USDA's Official Inspection Legend Appears on the Product Labels</u>

Here, the Court need look no further than the Chef Boyardee Product labels to see that each was pre-approved by the FSIS. Each of the Chef Boyardee Products bears the USDA official inspection legend featured on its label ("U.S. Inspected and Passed by Department of Agriculture"), confirming that the FSIS pre-approved each of the Chef Boyardee Product labels.



*See* Exhibits A-1 through A-5 to the Declaration of Andrew G. Phillips ("Phillips Declaration").[2]

---

[2] Plaintiff's Complaint includes images of the front label for each of the Chef Boyardee Products, but

2.      The FSIS Approvals for the Chef Boyardee Products

The FSIS approvals themselves also separately confirm that the FSIS pre-approved of each of the Chef Boyardee Product labels. The FSIS approves product packaging through various methods, including sketch approval and generic approval. *See generally* 9 C.F.R. § 412.1. For each of the five Chef Boyardee Products at issue here: (1) Conagra received FSIS sketch approval for its label and label claims; or (2) the label was generically approved based on a prior FSIS sketch approval.

**Sketch approvals**. Labels subject to sketch approval, such as labels that display special claims like the "No Preservatives" claim at issue here, are submitted to the FSIS for approval. 9 C.F.R. § 412.1. Here, Conagra submitted to the FSIS *Applications for Approval of Labels, Marking or Device* for the approval of four of the five Products at issue: Chef Boyardee Beef Ravioli in Pasta Sauce; Lasagna Pasta in Tomato Sauce Seasoned with Hearty Meat; Overstuffed Beef Ravioli in Pasta Sauce; and Beefaroni Pasta in Tomato and Meat Sauce. *See* Phillips Decl. Exs. B-1 through B-4 (the "Sketch Approvals"). Those applications each: (a) included a sketch of the label to be used (which depicted the "No Preservatives" claim); (b) identified the "No Preservatives" claim as a "special claim[]" requiring the FSIS's approval; and (c) identified citric acid in the Product formulation. *See* Phillips Decl. Exs. B-1 through B-4. The FSIS granted Conagra's applications and approved the labels and label claims of these four Chef Boyardee Products. *See id.*

**Generic approval**. Pursuant to USDA regulations, the label for the fifth Product, Chef Boyardee Mini Ravioli Beef Ravioli in Pasta Sauce product ("Mini Ravioli Product"), was generically approved based on the FSIS Sketch Approval for the Chef Boyardee Beef Ravioli in Pasta Sauce product ("Beef Ravioli Product"). *See* Phillips Decl. Exs. B-1 (Beef Ravioli Sketch Approval), C (Mini Ravioli Generic Approval). "Generic label approval refers to the prior approval of labels or modifications to labels by the [USDA] without submitting such labels to FSIS for sketch approval. . . . Although such labels are not re-submitted to FSIS for approval, ***they are deemed to be approved*** and,

---

the USDA inspection legend is only partially visible in the images included in the Complaint. *See* Compl. ¶ 13. Accordingly, Conagra has requested that the Court take judicial notice of the entire Product labeling, including the USDA inspection legend contained on each of the challenged Chef Boyardee Products. *See* Request for Judicial Notice ("RJN") and supporting Phillips Declaration.

therefore, may be applied to product in accordance with the [USDA's] prior label approval system." *Prior Label Approval System: Generic Label Approval*, 78 Fed. Reg. 66,826, 66,826 (Nov. 7, 2013) (emphasis added). If a label has been previously sketch approved for a special claim (*e.g.*, a "No Preservatives" claim), subsequent modifications that do not affect the special claim can be generically approved, such as changes to the product's shape (*e.g.*, regular to "Mini"-sized ravioli), the product's name (*e.g.*, Beef Ravioli to "Mini Ravioli"), or the order of predominance of ingredients in the product. *See id.* at 66,830; 9 C.F.R. § 412.2 (observing that generically approved labels do not need to be re-submitted to the FSIS because they only use "pre-approved" claims); *see also* FSIS, "Generic Labeling Overview" at Slide 39 (Sept. 25, 2019), https://www.fsis.usda.gov/sites/default/files/media_file/2021-02/generic-labeling-webinar.pdf; FSIS, "FSIS Guidelines for Label Approval" at p. 21-23 (Jan. 2023), https://www.fsis.usda.gov/sites/default/files/media_file/documents/FSIS-GD-2023-0001.pdf.

Here, the Mini Ravioli Product had undergone FSIS approval because: (a) the FSIS issued sketch approval for the Beef Ravioli Product that contains the same ingredients and same "No Preservatives" claim as the Mini Ravioli Product; (b) modifications to the Mini Ravioli Product are unrelated to the "No Preservative" claim on the Beef Ravioli Product already reviewed and approved by the FSIS because they involved only changes to the Product's name, the Product's shape, and the order of predominance of the ingredients; and (c) FSIS regulations extend the prior FSIS approval of the Beef Ravioli Product to the Mini Ravioli Product label. *Compare* Phillips Decl. Ex. C and A-3, *with* Phillips Decl. Ex. B-1. *See Prior Label Approval System: Generic Label Approval*, 78 Fed. Reg. at 66,830.[3]

---

[3] Similarly, other modifications to the Products—like to Beefaroni (*e.g.*, removal of ingredients, nutrition facts, predominance of ingredients, preparation instructions) and Overstuffed Beef Ravioli (*e.g.*, descriptive name, nutrition facts, predominance of ingredients)—were generically approved because the changes did not affect the "No Preservatives" claim or any of the other special claims for those Products. *See Prior Label Approval System: Generic Label Approval*, 78 Fed. Reg. at 66,830; 9 C.F.R. § 412.2; "Generic Labeling Overview" at Slide 39; "FSIS Guidelines for Label Approval" at p. 21-23. Like with the generically approved Mini Ravioli Product label, these Products contain no additional ingredients than in the FSIS-issued sketch approvals, the modifications are unrelated to the "No Preservative" claims already reviewed and approved by the FSIS, and FSIS regulations extend the prior FSIS approval to these modifications. *Cf. Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1289 n.6 (9th Cir. 2021) (observing that preemption would apply when the FSIS-approved label

Thus, for each of the Chef Boyardee Product labels at issue, the FSIS either: (1) sketch approved the label; or (2) issued a sketch approval on which the product was generically approved.

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Enos v. U.S. Bank, N.A.*, 831 F. App'x 289, 290 (9th Cir. 2020). Dismissal is appropriate when the defendant is entitled to judgment as a matter of law, "even if all the allegations in the complaint are true." *Webb v. Trader Joe's Co.*, 418 F. Supp. 3d 524, 526-27 (S.D. Cal. 2019) (citing *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005)), *aff'd*, 999 F.3d 1196 (9th Cir. 2021). Similarly, courts will dismiss a complaint when its allegations "give rise to an affirmative defense"—such as preemption. *Nacarino v. Kashi Co.*, 77 F.4th 1201, 1203 (9th Cir. 2023) (first quoting *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022); then citing *Pardini v. Unilever U.S., Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023)). In evaluating the sufficiency of a complaint, courts consider the allegations and materials asserted in the complaint, as well as those matters incorporated by reference in the complaint or subject to judicial notice. *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 641 (N.D. Cal. 2021).

## IV.  ARGUMENT

The Court should dismiss Plaintiff's Complaint in its entirety with prejudice because the FMIA expressly preempts Plaintiff's claims challenging the labeling on Conagra's Chef Boyardee Products. By challenging product labeling that the FSIS expressly pre-approved, Plaintiff's claims fall squarely within the FMIA's preemption clause because they would impose additional or different regulations that would impermissibly conflict with the federal regulatory scheme.

### A.  Federal Law Governs the Labeling of Conagra's Chef Boyardee Products

The FMIA regulates the distribution, sale, and labeling of products containing meat, including each of Conagra's Chef Boyardee Products challenged here. 21 U.S.C. § 601, *et seq.* Congress enacted the FMIA to prevent, among other things, the sale of misbranded meat products. 21 U.S.C. § 602; *Meaunrit*, 2010 WL 2867393, at \*5. Accordingly, the FMIA prohibits a party from selling meat

"contains the same representations as those that [plaintiff] challenges here.").

products with a false or misleading label. 21 U.S.C. §§ 610(c), 601(n)(1). To enforce the FMIA's prohibition against false or misleading labeling, the USDA's FSIS must inspect and approve all product labels before a product is sold to consumers. 9 C.F.R. § 412.1(a). Thus, "[n]o final label may be used on any product unless the label has been submitted [to the FSIS] for approval" or is generically approved. 9 C.F.R. § 412.1(a); *see also Cohen*, 16 F.4th at 1287 (describing the FSIS approval process). The FSIS evaluates a manufacturer's labeling application, including all supporting documentation, and it approves a label application *only if* it (a) conforms with all applicable statutory, regulatory, and policy requirements and (b) is not false or misleading. 9 C.F.R. §§ 312, 412.1-412.2. Critically, Congress charged the FSIS with determining that the labeling and label claims are not false or misleading. 21 U.S.C. §§ 602, 607(d). Once the FSIS issues a pre-approval for a label, the USDA inspection legend mark ***must*** be displayed on consumer packaging. 9 C.F.R. §§ 317.2(c), 412.1-412.2.

**B.** **The FSIS Approved the Labeling for Each of the Chef Boyardee Products, Including the "No Preservatives" Claim**

Here, the FSIS approved the labels for each of Conagra's Chef Boyardee Products challenged in this suit, as conclusively demonstrated by two independently sufficient sources:

- The USDA's official inspection legend appearing in the principal display panel for each of Conagra's Chef Boyardee Products (*see* Phillips Decl. Exs. A-1 through A-5); and
- The FSIS (sketch and generic) approvals for each of the Chef Boyardee Products (*see* Phillips Decl. Exs. B-1 through B-4 (sketch approvals), C (generic approval)).

Not only did the USDA's FSIS approve each of the labels as a whole, but it also specifically reviewed and approved the challenged "No Preservatives" claim displayed on the Chef Boyardee Products, determining that the claim is neither false nor misleading. *See* 21 U.S.C. §§ 602, 607(d). As set forth below, either source is sufficient for the Court to conclude that the FSIS has approved Conagra's labeling and dismiss Plaintiff's claims as preempted.

**USDA Inspection Legend**. Courts across the country regularly conclude that the mere existence of a USDA inspection legend suffices to demonstrate that federal law preempts a plaintiff's claims challenging a federally-approved claim. *See, e.g.*, *Webb*, 999 F.3d at 1203-04 (affirming the district court's conclusion that the plaintiff's claims were preempted because the "inspection mark on

1    the label demonstrated the Products had passed federal inspection"); *Barnes*, 2013 WL 5530017, at *5

2    ("Receiving pre-approval of labels [under the FMIA and PPIA] must be given preemptive effect," thus

3    compelling dismissal of the complaint); *Brower*, 243 F. Supp. 3d at 1128-29 (concluding from the

4    product label that the "FSIS reviewed Healthy Request Gumbo's labeling to consider whether it is

5    false or misleading and subsequently approved the label"). The fact that the Products were offered for

6    sale in the marketplace—which Plaintiff does not dispute here—by itself is sufficient to demonstrate

7    that the FSIS pre-approved the Chef Boyardee Product labels. *See, e.g.*, *Kuenzig v. Kraft Foods, Inc.*,

8    No. 8:11-cv-838-T-24 TGW, 2011 WL 4031141, at *7 n.8 (M.D. Fla. Sep. 12, 2011) (concluding that

9    the challenged labels received the FSIS's approval because they "were required to be submitted to the

10   FSIS for approval prior to their use" and "were, in fact, used"); *Adewol v. Frickenschmidt Foods LLC*,

11   No. 4:22 CV 254 CDP, 2023 WL 2645557, at *4 (E.D. Mo. Mar. 27, 2023) (concluding from the

12   "the label's use in the marketplace that the FSIS reviewed and approved Defendants' label"); *Thornton*

13   *v. Tyson Foods, Inc.*, 482 F. Supp. 3d 1147, 1156-1157 (D.N.M. 2020) ("The FSIS approval process

14   is required by federal law and the products could not be sold unless the seller complied with the

15   process."), *aff'd*, 28 F.4th 1016(10th Cir. 2022).

16        **FSIS Approvals**. In addition, FSIS approvals serve as a separate, independent basis to

17   conclude that the USDA has approved the product labeling. *See, e.g.*, *Leining v. Foster Poultry Farms,*

18   *Inc.*, 61 Cal. App. 5th 203, 207 (2021) (citing FSIS sketch approvals to conclude that the "FSIS

19   approved the labels which included the [challenged] American Humane Certified logo" in its

20   preemption analysis); *Phelps v. Hormel Foods Corp.*, 244 F. Supp. 3d 1312, 1318 (S.D. Fla. 2017)

21   (observing on a motion to dismiss that sketch approvals demonstrated "the fact that FSIS conducted a

22   regulatory review process, which included an examination of whether the label's claims were false or

23   misleading, and ultimately gave its approval"); *see also Webb*, 999 F.3d at 1204 (observing that the

24   district court "properly considered the inspection of the labels as part of the preemption analysis");

25   *Direct Action Everywhere v. Diestel Turk. Ranch*, No. RG17847475, 2018 WL 11247144, at *1-2

26   (Cal. Super. Ct. Apr. 11, 2018) (sketch approvals as evidence that approvals were granted).

27

28

C.      **The FMIA Expressly Preempts Plaintiff's State-Law Claims Attacking USDA-Approved Labels**

As recent Ninth Circuit precedent makes clear, Plaintiff's false labeling claims against Conagra are preempted under federal law. Indeed, the Ninth Circuit recently considered substantially identical issues under the FMIA's sister statute (the PPIA). It concluded that consumer false labeling claims, like Plaintiff's here, were preempted because the FSIS approved the defendant's product labels. *See supra*, Section IV.B. (citing *Webb*, 999 F.3d at 1203-04). The same preemption analysis compels the dismissal of Plaintiff's claims here.

Under the Supremacy Clause of the United States Constitution, state law that conflicts with federal law is "without effect." *See* U.S. Const. art. VI, cl. 2 ("[T]he Laws of the United States … shall be the supreme Law of the Land"); *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981). One of the three types of federal preemption recognized by the U.S. Supreme Court is express preemption, where a federal statute "explicitly defines the extent to which its enactments preempt state law." *See, e.g.*, *Indus. Truck Ass'n v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997) (citing *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-80 (1990)).

Here, the FMIA expressly preempts Plaintiff's state-law claims for violations of the CLRA and UCL because Plaintiff's claims seek to impose upon Conagra labeling requirements that are "in addition to, or different than" those imposed under the FMIA. *See, e.g.*, *Brower*, 243 F. Supp. 3d at 1129 (false advertising claims preempted by FMIA and PPIA). Under the FMIA, "a state requirement is in addition to or different from federal requirements if it is not 'equivalent' or 'parallel.'" *Meaunrit*, 2010 WL 2867393, at *5. Courts hold that the state-law requirements imposed by the UCL and CLRA are "additional or different than the federal requirements" imposed by FMIA. *See, e.g.*, *Brower*, 243 F. Supp. 3d at 1128-29 (granting motion to dismiss UCL and CLRA claims regarding Defendant's labeling because those "claims impose additional or different requirements than the PPIA and FMIA and are preempted"); *Barnes*, 2013 WL 5530017, at *4-5 (granting motion to dismiss UCL, False Advertising Law ("FAL"), and CLRA claims against Defendant's "100% Natural" labeling representations "as preempted under the FMIA and PPIA without leave to amend"); *Meaunrit*, 2010 WL 2867393, at *5-8 (granting motion to dismiss UCL and CLRA claims regarding Defendant's

labeling because "the FMIA and PPIA preempt state-law causes of actions that seek to impose different requirements on labeling").

Where the USDA has pre-approved labels and labeling claims—as it has with the "No Preservatives" claim on Conagra's Chef Boyardee Products—the FMIA bars allegations that those same labels or labeling claims could be deemed false, misleading, or otherwise unlawful under any state cause of action. 21 U.S.C. § 678; *see Connie Chong v. Hormel Foods Corp.*, No. LA CV19-10944 JAK (PLAx), 2021 WL 11732982, at *6 (C.D. Cal. Apr. 13, 2021) ("Where the USDA pre-approves a label under the FMIA, claims under California law are preempted to the extent they are based on the allegation that the challenged labels are false or misleading."). Here, because the FSIS pre-approved the labels and the challenged "No Preservatives" claim on Conagra's Chef Boyardee Products, the USDA has already reviewed them and determined that they are not false or misleading. *See* 9 C.F.R. § 317.8; *see Meaunrit v. Pinnacle Foods*, No. C 09-04555 CW, 2010 WL 1838715, at *7 (N.D. Cal. May 5, 2010); *see also Cohen*, 16 F.4th at 1288 (observing that when the FSIS reviews and approves a label, it "imposes a federal requirement within the meaning" of the PPIA's identical preemption provision). Any additional label requirements that plaintiff seeks to impose "would necessarily be 'different than' those required" by the FMIA and are barred by the FMIA's preemption provision. *Webb*, 999 F.3d at 1204; 21 U.S.C. § 678. Nor may Plaintiff "try to argue or show that FSIS's approval decision was wrong." *Cohen*, 16 F.4th at 1290.  To the contrary, allowing Plaintiff or a jury "to pass judgment on Defendant's labels, notwithstanding the USDA's approval, would disrupt the federal regulatory scheme." *Meaunrit*, 2010 WL 1838715, at *7.

From the range of cases recognizing the strong preemptive effect of USDA pre-approval, a handful of decisions are particularly instructive. In *Webb*, the Ninth Circuit affirmed the dismissal of the plaintiff's false labeling suit challenging the defendant's claims that its poultry products contained "up to 5% retained water" because it was preempted by federal law. 999 F.3d at 1198. The Ninth Circuit observed that the retained water claims were on the labels that the FSIS reviewed and approved. It found that the district court "properly considered the inspection of the labels as part of the preemption analysis" and affirmed the district court's finding that the challenged claim "was federally approved." *Id.* at 1204; *see also Cohen*, 16 F.4th at 1288 ("[A] plaintiff who brings a state law claim

that the approved label is false or misleading is seeking to impose a requirement different from the federal requirements.").

From this district, the court in *Barnes v. Campbell Soup Company* concluded that both the FMIA and PPIA preempted the plaintiff's false labeling suit, which alleged that the defendant's "100% Natural Mexican-Style Chicken Tortilla" soup was mislabeled because it contained an allegedly "unnatural" ingredient. 2013 WL 5530017, at *5. The court reasoned that because the USDA and FSIS previously approved of Defendant's Natural Chicken Tortilla soup label," the soup label was not "false or misleading" *as a matter of law*. *Id.*

Finally, in *Leining v. Foster Poultry Farms, Inc.* the California Court of Appeals affirmed the dismissal of the plaintiff's claims challenging the defendant's "American Humane Certified" logo on preemption grounds, explaining:

> Because the labels were preapproved by the FSIS, the federal government has determined that the labels, which include American Humane certification, are not misleading under the PPIA. If [plaintiff] were to prevail on her tort claims that the labels were nonetheless misleading, California courts would be imposing an additional requirement to those imposed by the PPIA.

61 Cal. App. 5th 203, 213 (2021).

Each of these cases is indistinguishable from Plaintiff's challenge to the Chef Boyardee Products here. The USDA has already reviewed and approved label claims on the Chef Boyardee Products, and it determined that no statement on the challenged labels is false or misleading.[4] That determination preempts Plaintiff's claims and requires dismissing the Complaint with prejudice. *See, e.g.*, *Webb*, 999 F.3d at 1203-04; *Barnes*, 2013 WL 5530017, at *5; *Leining*, 61 Cal. App. 5th at 213.

**D.**    **The Court Should Dismiss Plaintiff's Complaint with Prejudice**

Leave to amend a complaint should be permitted only "when justice so requires," Fed. R. Civ.

---

[4] Plaintiff attached to his Complaint a warning letter that the FDA sent to a different company in connection with the sale of non-meat-based food products containing citric acid. Compl., Ex. A. But the FDA does not regulate the products at issue in this case—the USDA does. *See, e.g.*, 21 U.S.C. § 392 (exempting meats and meat food products from the Food, Drug, and Cosmetic Act). The FDA warning letter is irrelevant where, as here, USDA regulated and USDA pre-approved labels are being challenged. *See, e.g.*, *Barnes*, 2013 WL 5530017, at *5-6 (contrasting FDA regulations for a USDA-regulated product); *Phelps*, 244 F. Supp. 3d at 1317 (rejecting the plaintiff's arguments under the FDCA for a USDA-regulated product).

P. 15(a)(2), and courts do not grant a party leave to amend when they find that an amendment "consistent with the challenged pleading could not possibly cure the deficiency," *Webb*, 418 F. Supp. 3d at 530 n.5; *accord Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1195 (E.D. Cal. 2009). The Ninth Circuit has affirmed rulings dismissing preempted labeling claims without leave to amend. *Webb*, 999 F.3d at 1204. Accordingly, the Court here should conclude that no "amendment . . . could possibly cure the deficiency" that the FMIA expressly preempts Plaintiff's challenges to Conagra's labels. *Webb*, 418 F. Supp. 3d at 530 n.5 (denying leave to amend because plaintiff's claims were preempted); *Barnes*, 2013 WL 5530017, at *9 (similar).

## V.     **CONCLUSION**

Accordingly, for the reasons discussed above, the Court should dismiss the Complaint in its entirety and with prejudice.


DATED: November 20, 2023          RACHEL E. K. LOWE
                                  **ALSTON & BIRD LLP**


                                  /s/ *Rachel E. K. Lowe*
                                  Rachel E. K. Lowe
                                  Attorney for Defendant
                                  **CONAGRA BRANDS, INC.**