CROSNER LEGAL, P.C.
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
Craig W. Straub (SBN 249032)
craig@crosnerlegal.com
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISRAEL PELAYO and HOPE KAMBICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONAGRA BRANDS, INC.,<br><br>Defendant. | Case No. 3:23-cv-05833-JD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date: May 16, 2024<br>Time: 10:00 a.m.<br>Court: 11<br>Judge: Hon. James Donato |

I.   **INTRODUCTION**

Pursuant to Federal Rule of Evidence 201, Plaintiffs Israel Pelayo and Hope Kambick ("Plaintiffs") respectfully request that, in considering their concurrently-filed Opposition to Defendant's Motion to Dismiss the First Amended Complaint, the Court take judicial notice of the following documents that are attached to the concurrently-filed Declaration of Michael T. Houchin in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss the First Amended Complaint ("Houchin Decl."):

1. **Exhibit 1**: a true and correct copy of a journal article titled *Potential role of the common food additive manufactured citric acid in eliciting significant inflammatory reactions contributing to serious disease states: A series of four case reports* that was published in the Toxicology Reports Journal on August 9, 2018. This journal article is referenced in Plaintiffs' First Amended Complaint at paragraph 15, footnote 3 and is available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6097542/

2. **Exhibit 2**: a true and correct copy of a Food and Drug Administration ("FDA") warning letter that was sent to Hirzel Canning Company on August 29, 2001 that was obtained from PACER where it was filed on the docket in the matter of *Mason v. Reed's, Inc.*, Case No. 1:18-cv-10826-JGK (S.D.N.Y. 2021) at ECF Number 35-4.

3. **Exhibit 3**: a true and correct copy of a FDA warning letter that was sent to Oak Tree Farm Dairy, Inc. on August 16, 2001 that was obtained from PACER where it was filed on the docket in the matter of *Mason v. Reed's, Inc.*, Case No. 1:18-cv-10826-JGK (S.D.N.Y. 2021) at ECF Number 35-5.

As explained below, the Court may take judicial notice of these documents as they are publicly available and the documents constitute facts not reasonably subject to dispute.

## II.   LEGAL STANDARD

Generally, a court must take judicial notice if a party requests it and provides the Court with the requisite information. Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III.   ARGUMENT

Exhibit 1 is a journal article that discusses manufactured citric acid and explains that "citric acid used as a food additive is **not natural citric acid**; it is manufactured through fermentation using Aspergillus niger." Houchin Decl., ¶ 2 & Ex. 1 at p. 1 (emphasis added). The article further explains the differences between artificial citric acid and natural citric acid and states that "the potential presence of impurities or fragments from the Aspergillus niger in [manufactured citric acid] is a significant difference that may trigger deleterious effects when ingested." Houchin Decl., ¶ 2 & Ex. 1. The article further notes that "[g]iven the thermotolerance of A. niger, there is great potential that byproducts of A. niger remain in the final [manufactured citric acid] product." *Id.* This journal article is relied on by Plaintiffs' First Amended Complaint ("FAC") and is cited in the FAC at paragraph 15, footnote 3. Because the FAC references and relies upon this journal article, the court may consider it under the doctrine of incorporation by reference. *See Henderson v. Select Portfolio Servs., Inc.*, 2016 WL 1059414, at *1 (N.D. Cal. Mar. 17, 2016) (J. Donato) (taking judicial notice of documents referenced in the complaint under the incorporation by reference doctrine); *Cross v. RLI Insurance Company*, 2024 WL 628414, at *2 n.2 (N.D. Cal. Feb. 14, 2024) ("Because Plaintiffs reference all three policies in the complaint, the Court takes judicial notice of the policy documents under the incorporation by reference doctrine."). Moreover, Defendant asks this court to take judicial notice of the same document. *See* Def.'s Request for Judicial Notice at p. 2 & Ex. F, Dkt. Nos. 26-1 & 26-8.

Exhibits 2 and 3 are FDA warning letters. Specifically, Exhibit 2 is an FDA warning letter sent to Hirzel Canning Company ("Hirzel") on August 20, 2001 regarding its canned tomato

1  products. Houchin Decl., ¶ 3 & Ex. 2. With respect to Hirzel's Chopped Tomatoes Onions & Garlic
2  and Chopped Mexican Tomatoes & Jalapenos, the FDA stated that these products could not bear
3  the "All Natural" claim on the label because the products contained a synthetic ingredient, citric
4  acid. *Id*. Exhibit 3 is a FDA warning letter that was sent to Oak Tree Dairy Farm, Inc. ("Oak Tree")
5  on August 16, 2001 regarding its "Oaktree Real Brewed Iced Tea," "Oaktree Fruit Punch," and
6  "Oaktree All Natural Lemonade" products. Houchin Decl., ¶ 4 & Ex. 3. With respect to Oak Tree's
7  "Oaktree Real Brewed Iced Tea," the FDA stated that this product could not bear the "100%
8  Natural" and "All Natural" claims on the label because the product contained a synthetic
9  ingredient, citric acid. *Id.*

10  Exhibit 2 and 3 were publicly filed in the matter of *Mason v. Reed's, Inc.*, Case No. 1:18-
11  cv-10826-JGK (S.D.N.Y. 2021), ECF Nos. 35-4 & 35-5. The court in *Mason* held that the warning
12  letters "suggest that citric acid, as produced by Aspergillus Niger, makes an 'All-Natural' label
13  misleading." *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 143 (S.D.N.Y. 2021). The Ninth Circuit
14  Court of Appeals also relied on these same warning letters and held that the letters, along with
15  other evidence, could "allow a trier of fact to find that the synthetic citric and ascorbic acids in
16  Dole's products were not 'natural.'" *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 533
17  (9th Cir. 2016). Because Exhibit 2 and 3 are publicly available court records, they are the proper
18  subject of judicial notice. *See Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*, 2021 WL
19  1405477, at *4 (N.D. Cal. Apr. 14, 2021) ("Court records or proceedings in other cases are matters
20  of public record, and therefore the proper subject of judicial notice") (citing *Holder v. Holder*, 305
21  F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of records in another court)). Furthermore,
22  FDA warning letters are also the proper subject of judicial notice. *See Wilson v. Frito-Lay N. Am.,*
23  *Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017) (taking judicial notice of FDA warning letters);
24  *Olmos v. T. Marzetti Co.*, 2022 WL 18358950, at *4 (C.D. Cal. Oct. 11, 2022) (same).

25                                                  **IV.   CONCLUSION**

26  For the reasons set forth above, the Court should take judicial notice of Exhibits 1, 2, and
27  3 attached to the Houchin Declaration.

28

-3-

*Pelayo et al. v. Conagra Brands, Inc.,* Case No. 3:23-cv-05833-JD
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Dated: February 26, 2024

CROSNER LEGAL, P.C.

By: _/s/ Michael T. Houchin_
      MICHAEL T. HOUCHIN

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
mhouchin@crosnerlegal.com
*Attorneys for Plaintiffs and the Proposed Class*

-4-

*Pelayo et al. v. Conagra Brands, Inc.,* Case No. 3:23-cv-05833-JD
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT