United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISRAEL PELAYO, et al.,

    Plaintiffs,

v.

CONAGRA BRANDS, INC.,

    Defendant.

Case No. 23-cv-05833-JD

**ORDER RE DISMISSAL**

Plaintiffs Israel Pelayo and Hope Kambick, on behalf of themselves and a putative class of California consumers, were buyers of the Chef Boyardee canned pasta products supplied by defendant Conagra Brands, Inc. The first amended complaint (FAC) alleges that Conagra advertised the Chef Boyardee products as containing "No Artificial Preservatives," but that product labels state they are made with "citric acid (for freshness)." *See* Dkt. No. 13 ¶¶ 13-14. Plaintiffs say the citric acid used by Conagra is produced "via microbial fermentation with a typically genetically modified type of black mold called *Aspergillus niger*," *id.* ¶ 15, and so is artificial in contravention of the Chef Boyardee representations. Conagra asks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), mainly on the ground that plaintiffs have not plausibly alleged that the citric acid it uses is artificial. Dkt. Nos. 26. Both parties ask for judicial notice of scientific articles and regulatory materials. Dkt. Nos. 26-1 & 33-5.

The motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the complaint is dismissed with leave to amend. There is the germ of a case in the FAC, but it has yet to cross the line of plausibility for purposes of Rule 8 and Rule 12(b)(6). That is because plaintiffs have not provided enough facts to plausibly allege that the form of citric acid used by Conagra is artificial. The most the FAC says is that "[c]ommercial food manufactures,

like Defendant, use a form of citric acid that is derived from heavy chemical processing." *Id.* ¶ 15. This is wholly conclusory and unsupported by any facts. The academic article cited for the statement is silent on what type of citric acid Conagra uses in its pasta products.

This is a material shortfall because the claims in the FAC are based entirely on the theory that the Chef Boyardee citric acid is artificial. To be sure, plaintiffs are not obligated at the pleading stage to prove their case with evidence in a complaint. But they are required to plausibly allege that Conagra uses an artificial form of citric acid, and not merely assert that is so. It may be that credible reports and studies about food industry practices on that score would be enough to establish plausibility.

Consequently, plaintiffs may file an amended complaint by June 14, 2024. No new parties or claims may be added without the Court's prior approval. A failure to meet this deadline will result in a dismissal of the case without prejudice under Rule 41(b). The requests for judicial notice are denied.

**IT IS SO ORDERED.**

Dated: May 2, 2024

JAMES DONATO
United States District Judge